NEWTON J. ABBOTT, Respondent, v. KANSAS CITY ELEVATED RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 18, and November 19, 1906.

1. **STREET RAILWAYS:** Negligence: Contributory Negligence: Humanitarian Doctrine: Recklessness. Before a plaintiff who has been guilty of negligence himself can recover for negligence of the defendant the latter's negligence must be characterized by willfulness, recklessness or wantonness; but the failure to exercise ordinary care in some circumstances *is* recklessness and may sometimes amount to willfulness or wantonness. [Cases considered.]

2. ———: ———: ———: ———: Careful or Careless. If the effect of the humanitarian doctrine is to abolish the distinction between want of ordinary care and recklessness, it may nevertheless be right since an absolute duty rests upon those who propel dangerous instrumentalities to use ordinary care not to hurt a person, whether he is careless or careful.

3. ———: ———: ———: ———: Evidence. On a review of the evidence it is held that the plaintiff, injured by a collision with a following car, in the darkness of the evening, is not entitled to recover since his own evidence shows that at a distance of thirty feet he could see the following car only as some "dark object" and hence shows that the motorman could not see the plaintiff's wagon, a smaller object.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

Reversed.

*John H. Lucas, Ben T. Hardin* and *Halbert H. Mc-Cluer* for appellant.

(1) Neither the evidence of the plaintiff nor the whole evidence, authorize a recovery. Culhane v. Railroad, 60 N. Y. 137; Railroad v. Manly, 47 Mich. 309; Catchcart v. Railroad, 19 Mo. App. 118; Henze v. Railroad, 71 Mo. 639; Bennett v. Railroad, — Mo. App. —.

*Boyle, Guthrie & Smith* for respondent.

(1) Defendant wrongly contends that the evidence in this case does not authorize a recovery as a matter of law.

ELLISON, J.—This is an action for personal injury received by plaintiff from a collision with one of defendant's streets cars, occurring on Quindaro boulevard, at about one hundred feet east of Tenth street in Kansas City, Kansas. The judgment of the trial court was for plaintiff.

The evidence shows an undoubted case of contributory negligence on part of the plaintiff. [McGauley v. Railroad, 179 Mo. 583; Theobald v. Transit Co., 191 Mo. 395.] Though this is not admitted by him, it is practically conceded that the ground upon which he seeks to uphold the judgment is based upon the humanitarian doctrine and so he contends that, notwithstanding his contributory negligence, yet the defendant either saw his position of peril, or should have seen it, in time to have avoided the collision. It appears that on the 2d day of February at fifteen minutes past six o'clock in the evening, it being shortly after dark, the plaintiff was driving his two horses and wagon on and along defendant's track, going east in the direction the cars ran. There was no necessity for his being on the track as there was ample room in the street proper. He wore a cap pulled down over his ears, though he knew that

a car might overtake him from the rear at any time. On the question of whether defendant's motorman saw his position of peril in time to have avoided striking the wagon, the testimony given by plaintiff himself is of great importance. The motorman said he did not see him in time on account of the darkness and of an electric light intervening between the car and the wagon until too late to stop. Plaintiff in order to show that the motorman either saw him or might have seen him, endeavored to make it appear by some witnesses in his behalf that it was not yet quite dark and that looking ahead would have discovered him to be on the track. At Tenth street there was an electric light, composed of several bulbs under a reflector, suspended at the side of the street which made it difficult, if not impossible, to see an object beyond the glare cast upon the street. This statement is not admitted by counsel, but we think the plaintiff's evidence establishes that on account of darkness alone, or of the darkness and the particular situation of the light between the car as it approached Tenth street and plaintiff as he was beyond Tenth street, his wagon could not be seen. He testified that he got on the track a short distance east of Eleventh street and that he was struck a short distance (one hundred feet) east of Tenth street. That he looked back several times between where he got on and Tenth street, and at the latter street, and did not see a car. That after he passed Tenth street, he heard a noise and looked back over his shoulder and saw "a dark object" only thirty feet behind him and that he only had time to hit his horse when the car struck his wagon.

As already intimated (plaintiff himself being negligent), the only ground upon which he can base an argument in support of the judgment is founded upon the humanitarian doctrine. That doctrine has been elaborately discussed and decisions of the Supreme Court (not yet reported) which were not known to court or counsel

when the case was originally argued have been laid before us. [Moore v. Transit Co., — Mo. App. —, 92 S. W. 390; Eppstein v. Railway, not yet reported.] Also Rodgers v. Transit Co., — Mo. App. —, 92 S. W. 1155. We understand it to be the view of the Supreme Court, as announced in these latest cases, in connection with others made recently before the latter were decided, that in order for a plaintiff to recover, who has himself been guilty of negligence, the negligence of the defendant must be characterized by willfulness, recklessness or wantonness. [Markowitz v. Railway, 186 Mo. 350, 358, 359; Zumault v. Railroads, 175 Mo. 288, 313; Sharp v. Railway, 161 Mo. 214; Tanner v. Railway, 161 Mo. 497.] But a failure to exercise ordinary care and prudence, in some circumstances is recklessness and it may sometimes amount to a willful, or a wanton act. Thus if one should run cars of a steam or street railway along a crowded thoroughfare without using ordinary care to look out for and avoid injury to persons, it would be a reckless disregard of the life and safety of individuals.

In one of the latest cases above referred to (Moore v. Transit Co.) Judge GANTT said that if the servant of the street car company did not see the plaintiff, "his failure to do so was owing to a reckless disregard of ordinary care in keeping a lookout for pedestrians who had a right to use the street as well as the railway." So, the judge also stated, in effect, that if, in such circumstances, the motorman saw the plaintiff's danger and did not use ordinary care to avoid injuring him it was recklessness. In the other of those cases (Eppstein v. Railway), Judge LAMM stated four propositions concerning the liability of a railway company in cases where the plaintiff was himself guilty of negligence. The substance of the last of these propositions (the one most favorable to the plaintiff in this case) is that if one negligently places himself in a dangerous position at a place

where those controlling the dangerous instrumentality have reason to expect the presence of people, they will be liable for his injury if they saw him, or might have seen him had they looked, in time thereafter to have avoided the injury by the use of ordinary care. This statement of the law (in harmony with what we have just quoted from the Moore case) is that, if one is running a car over a track where people may be expected to be and fails to look out for them when to have looked they could have been seen and saved by the use of ordinary care, a liability for consequences is incurred. That is to say, a failure to keep a lookout where persons may be expected to be on the track, when by looking they could be seen in time to be saved is recklessness — if not a willful disregard of the safety of others. In this view there is no inconsistency or lack of harmony in decisions of the Supreme Court as was suggested in argument.

It may, however, be said that there should be a difference made in the standing in a court in favor of the innocent and prudent person as compared with the heedless and guilty. And so there is and should be, when only the rights of such are concerned. But the humanitarian doctrine involves the interest of the public in the life and limb of the people. So it may be said that the effect of the foregoing view of the humanitarian doctrine is to abolish the distinction, in cases involving that doctrine, between a want of ordinary care and recklessness or wantonness; and, in such cases, as just suggested, to obliterate all difference between those who are guilty and who are not guilty of negligence. But, after all, are they not right? Should there be any difference, *from the standpoint of humanity,* whether the injured party has been careless or careful? An *absolute duty* rests upon those who propel the dangerous instrumentality to use ordinary care not to hurt him in either case.

We have had occasion to consider while this case

was under advisement, those of Drogmund v. Railway, Cole v. Railway, and Mayes v. Railway, involving the same doctrine, decided at this term.

Applying the rule, as thus broadly interpreted, to the case made by plaintiff, does it not leave him without any right to recover? It would seem to be clear from plaintiff's own deliberate and oft-repeated statement of what he did and what conditions existed at the time of the accident, that he is cut out of a right of recovery. He said that it was dark and that when he looked back several times, as above stated, he did not see a car, until finally, when he heard a noise he again looked and saw the car only thirty feet away which he could only distinguish at that distance, as some "dark object," which struck him within the time he could hit his horse. In the face of such evidence how can it be said that the motorman could have seen his wagon (a smaller object) before he saw the car. Putting aside affirmative testimony that the motorman was not guilty of failing to observe ordinary care as charged, plaintiff's own testimony shows, beyond all controversy, that the motorman could not have been guilty. Plaintiff's case, as he makes it himself, is simply this: that he excuses himself by saying that he looked for the car and could not see it, yet seeks to blame the motorman for not seeing him.

The evidence clearly disclosing that plaintiff had no case, the demurrer should have been sustained. The judgment is reversed. All concur.