NEWTON J. ABBOTT, Appellant, v. KANSAS CITY ELEVATED RAILWAY COMPANY and METROPOLITAN STREET RAILWAY COMPANY.

**Division One, February 28, 1911.**

**NEGLIGENCE: Right of Wife to Sue for Death of Husband.** The court declines to reconsider the decision in Strottman v. Railway Co., 228 Mo. 154.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*A. F. Smith, Boyle & Howell* and *Guthrie, Gamble & Street* for appellant.

*John H. Lucas* and *Chas. N. Sadler* for respondents.

GRAVES, J.—Plaintiff sues herein for personal injuries, as well as for injuries to his team and wagon, occasioned by the collision of one of defendant's cars with his team and wagon on February 2, 1903. He charges that the collision was occasioned by the negligence of the defendant.

The case has a checkered career, and is not briefed here upon the merits, counsel preferring to first draw the fire of this court upon a preliminary question, suggested in their brief. They suggest that with this preliminary question out of the way, they desire to file

in this court their briefs formerly filed in the Kansas City Court of Appeals, when the case was there upon an appeal by defendant.

Counsel in brief here say: "In view of the holding of this court in the case of Strottman v. St. Louis, etc., Co., 228 Mo. 154, we appreciate the plaintiff's case is not an easy one. We have therefore taken the liberty of presenting no elaborate brief in this court on the merits of this case, but will ask that the court indulge us with leave to file herein a copy of our original brief and our brief on the motion for rehearing in the Kansas City Court of Appeals, which show our views on the law of this case, and if this court shall hold that we are entitled to a consideration of the case on its merits, we will be glad to revise our brief on the merits and furnish the necessary copies to comply with the rules of the court."

This history of the case thus runs as we gather it from the records and briefs with us. Plaintiff sued upon the same cause of action in the circuit court of Jackson county, and obtained a verdict and judgment for $3500, from which the defendant appealed. [Abbott v. Railroad, 121 Mo. App. 582.] That court upon a full consideration of the facts reversed said judgment. Thereafter the plaintiff reinstituted his suit, and upon a trial thereof the trial court gave a peremptory instruction to find for defendant. Plaintiff took an involuntary nonsuit, and after unsuccessful steps to reinstate his case, has appealed here.

His counsel in their brief concede that if the ruling of this court in Strottman v. Railway Co., 228 Mo. 154, is sound law, then plaintiff has no standing in this court. They insist that we reconsider that case. This Strottman case was presented to the Court in Banc upon exceedingly elaborate briefs upon both sides. It was well and fully argued upon both sides at the hearing, and we hardly think this court was remiss in its consideration of the novel question, for the

first time presented to this court. We took occasion to thoroughly review the statutes of this State, the case law of the State, and the reasonableness of Mrs. Strottman's contention in view of the judicial history of the State. With this review this court without a dissenting voice held that under the circumstances of the Strottman case the plaintiff was barred from further action. The facts of the case at bar bring it fully within that ruling. With that ruling we are satisfied and shall not depart therefrom. From this it follows that the judgment *nisi* in the case at bar was for the right party, and the same is affirmed. All concur except *Valliant, J.,* absent.