DOMENICO GINNOCCHIO, Administrator of Estate of FCO. PAOLO FINAZZO, Appellant, v. ILLI-NOIS CENTRAL RAILROAD COMPANY.

Division Two, March 30, 1915.

**ACTION: After Final Judgment on Merits.** Where plaintiff sued a railroad company for damages and recovered judgment for $5000 and that judgment on appeal to the Court of Appeals was reversed outright, he cannot maintain another action for damages for the identical tort upon the identical facts involved in the cause at the first trial. And it is doubted that differences in the facts of the first action and the facts in the second, even though alleged, would serve to alter the rule.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Joseph Wheless* for appellant.

(1)   This case proceeds under the wrongful death statute of Illinois, and the reciprocal duties of defendant and the deceased touching the right of recovery is to be considered and determined under the adjudicated law of the State of Illinois—when it is made to appear in the case what the adjudicated law of the foreign State is.   Ginnocchio v. Railroad, 155 Mo. App. 163; Fogarty v. Transfer Co., 180 Mo. 502.   (2)   In circumstances similar to those pleaded in this case, the adjudicated law of Illinois holds that the questions of negligence and contributory negligence are ''not a question of law to be determined by the court, but one of fact to be ascertained by the jury.''   Railroad v. Haskins, 115 Ill. 300; Railroad v. O'Connor, 115 Ill. 254; Railroad v. Otstott, 212 Ill. 429; Railroad v. Eggman, 161 Ill. 155; Railroad v. Kane, 70 Ill. App. 676. (3)   Where on the trial material evidence is not adduced, the case may be reversed and remanded for new trial so that such evidence may be supplied.   Strottman v. Railroad, 228 Mo. 187; Finnegan v. Railroad, 244 Mo. 663.   (4)   New facts pleaded remove bar of reversal.   Except for the obiter remarks of the court on page 187 in the Strottman case, the several cases cited below indicate that if new facts are pleaded, the reversal of the former judgment does not operate as a bar to a new suit within a year.   Strottman v. Railroad, 228 Mo. 187; Abbott v. Railroad, 232 Mo. 617; Schmelzer v. Furniture Co., 252 Mo. 16.   (5)   The mandate of the St. Louis Court of Appeals, in reversing the judgment in favor of plaintiff, ordered and adjudged that said judgment be reversed, annulled and for naught held.   A vacated and annulled judgment is no judgment at all, and cannot be a bar to another suit.   In the case at bar the former judgment was reversed for the reasons above stated—which did not affect the merits of the

cause of action under the laws of Illinois, as presented in the case at bar.

*Watts, Gentry & Lee* for respondent; *John G. Drennan* of counsel.

From what has been said in appellant's brief, the conclusion that the judgment of the lower court in this case must be affirmed seems inevitable.   It appears from a consideration of the opinion of the St. Louis Court of Appeals in the case of Ginnocchio v. Railroad, 155 Mo. App. 163, that the suit there determined was one by this same administrator to recover damages for the death of one Finazzo, a section hand employed by the defendant company in the State of Illinois in its switching yards.  It also appears from that same opinion that the Illinois statute giving a right of action for death was both pleaded and proven by the plaintiff in that case.   The judgment of the Court of Appeals in that case was one of reversal.   The cause was not remanded to the circuit court.   It was contended in the Court of Appeals, as appears from the opinion, that the case should be decided according to the adjudicated cases in the State of Illinois, and particularly according to the views expressed by the Supreme and appellate courts of that State concerning the reciprocal rights and duties of section men and railroads.   Thus, it appears from the opinion that plaintiff's counsel claimed to know, when that case was submitted to the Court of Appeals, what the Illinois law was, and that it was different from the Missouri decisions, and urged the application of the Illinois rule.   The Court of Appeals declined to follow the decisions of the courts of Illinois cited by appellant's counsel, which are the very cases relied upon in his petition in the case at bar and cited in appellant's brief in this court, because said decisions were not pleaded and proven.   The decision of the St. Louis Court of Appeals is a final bar to plain-

tiff's right to recover in this present case. Precisely the same reason for applying the rule of *res adjudicata* is found in this case as in the case of Strottman v. Railroad, 228 Mo. 154. The cause of action sued on is precisely the same in the instant case as it was in the case decided by our Court of Appeals.

FARIS, P. J.—Action by plaintiff in his representative capacity as administrator, for the death of his decedent. The history of the case runs thus: Plaintiff, as the administrator of Francisco Paolo Finazzo, sued defendant for the alleged negligent killing of decedent and had judgment in the circuit court of the city of St. Louis. Defendant appealed to the St. Louis Court of Appeals, wherein the judgment of the circuit court was reversed outright. [Ginnocchio, Admr., v. Illinois Central Railroad Co., 155 Mo. App. 163.] Thereafter plaintiff brought this action, which is the second suit for the identical injury growing out of the identical cause of action set out in the first suit. Plaintiff, among other things set out in his petition herein, pleaded in the instant action this:

"And plaintiff avers that heretofore, on the 16th day of January, 1908, and within one year after the cause of action herein stated accrued, he filed his suit as administrator of the deceased Finazzo against the defendant corporation in this court, and upon the trial of the said action on the 26th day of February, 1909, the plaintiff duly recovered a verdict and judgment against the defendant corporation in the sum of $5000; that defendant in due course appealed from the said judgment to the St. Louis Court of Appeals, and the said Court of Appeals, on the 7th day of February, 1911, reversed the said judgment; for which reason the plaintiff now and within one year after the said judgment of reversal files this, his other suit, as permitted in the statute in such case made and provided."

Because of the above allegation, since it thereby appeared that this was a second action upon the same facts following an outright reversal, the trial court, sustained a demurrer to the petition of plaintiff and he appealed.

## OPINION.

There is but one single question in the case, that is: May a second action be brought for the identical tort upon the identical facts involved in a cause, which cause was heard by an appellate court and by that court reversed outright?

Former Final Judgment on Merits as Bar.

This precise point was up in this court in the case of Strottman v. Railroad, 228 Mo. 154, and there ruled in such wise as to be absolutely adverse to the contentions of appellant here. Appellant, who was plaintiff below, urges with much of ability and some fervency however, that there is a distinction to be drawn between the case at bar and the Strottman case. We have carefully examined the record before us, the cases cited to us and the position of learned counsel, and are not able to appreciate this distinction; no more was the learned trial judge whose memorandum upon the point in issue is pertinent and persuasive, even though it does not conclude us. The learned trial court touching this alleged distinction, said: "The court is unable to see any difference in principle between this case and the case of Strottman v. Railroad, 228 Mo. 154. Demurrer will therefore have to be sustained."

In the Strottman case, supra, at page 186, it was said:

"By statute, we are authorized to enter judgments of simple reversal, and these judgments may or may not be finalities. If the merits of the cases are adjudicated and passed upon they are final, but if not, they are not necessarily so.

"So that considering the whole statute we are of opinion that a reasonable construction thereof precludes the plaintiff from again suing after a judgment of reversal in a case wherein the merits of the controversy have been investigated and adjudicated by the court, and this fact is one of easy determination.

"In the case at bar, it is not claimed that the plaintiff is relying upon any new facts, but is relying upon the same facts adjudicated in the former case.

"But if she had new facts, she has lost her opportunity. She might have asked for a modification of the judgment, as such has been permitted in some instances. Thus in Rutledge v. Railroad, 123 Mo. l. c. 140, this court thus spoke in an opinion on a motion to modify a judgment of reversal: 'On motion to modify the judgment, it has been suggested that plaintiff may have a cause of action upon further proof that the signal on which the engineer acted, originated with the yardmaster. Plaintiff hence prays that the judgment be modified so as to remand the cause; and thus give him an opportunity to amend, and present that phase of the case to the trial court, the Statute of Limitations having intervened as against any new action he might bring. On consideration of this motion we are of opinion that it should be granted. [Bowen v. Railroad, 118 Mo. 541; Lilly v. Tobbein, 103 Mo. 477.] Accordingly the final judgment of this court will be that the judgment of the circuit court be reversed and the cause remanded.'

"It would appear that both plaintiff and the court in that case understood that the judgment of reversal was a finality, and unless modified no further action could be taken by plaintiff. Other cases of like tenor might be cited."

To break the force of the above excerpt plaintiff's learned counsel says that the facts of the case under review considered, the above quotation is *obiter* pure and

simple. Be that as may be, we think it states the law correctly. At least it states that as law which bench and bar with practical unanimity have considered to be the law in this State for almost a hundred years. The same question was again before this court in the case of Abbott v. Railroad, 232 Mo. 616, and we there refused to reconsider the views held in the Strottman case. We are thoroughly convinced that the rule announced is a salutary one. There are maxims extant which substantially remind us that no man ought to be twice vexed with the same action, and that it is obligatory that finally an end be made to a law suit. The rule so ably and vehemently urged upon us by learned counsel would violate both the spirit and the letter of these maxims and make of an action at law a case of "linked sweetness long-drawn out;" it would enable litigants to break their law suits into convenient sections and administer them to the courts in broken doses, if we may borrow an expression from the nomenclature of another learned profession.

This identical matter has been so recently examined here and discussed so exhaustively, in the Strottman case, that it would serve no useful purpose in jurisprudence to cumber the books with a further discussion of it. In passing we may say that it is unfortunate, mayhap, that alleged differences between the facts of the first action and the facts of this, though averred, have not been properly shown to exist. We may take leave to doubt, however, whether even such a difference would serve or ought to serve to change the rule announced.

We conclude that the view taken by the learned trial court was correct, and that the judgment thereof should be affirmed. It is so ordered. All concur.