# CHARLES A. SMITH, Appellant, v. JAMES C. FRANCIS, Respondent.

In the Springfield Court of Appeals, July 2, 1924.

1. **JUDGMENT: Res Adjudicata: Defense Held Barred by Judgment Dismissing Bill for Cancellation of Note on Same Ground.** In action on a note, defense that plaintiff was not a holder in due course, because party to fraud in the inducement, was barred by judgment reversing judgment for defendant in a former suit brought by him to cancel the note, on the same ground, such reversal amounting to dismissal of the bill.

2. **APPEAL AND ERROR: Reversal of Decree for Cancellation Amounts to Dismissal of Bill.** Reversal of a decree for cancellation of a note amounts to a dismissal of the bill praying cancellation.

Appeal from the Circuit Court of St. Clair County.—
*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED *(with directions).*

*Hargus & Johnson* for appellant.

(1)   There is no evidence on which to base the find-
ings of the lower court.   Downs v. Horton, 230 S. W.
103; Ensign v. Crandell, 231 S. W. 675; State ex rel.
Hadley v. Greenville Bank, 187 S. W. 597.   (2)   If the
first endorsee in good faith and for value purchases
a negotiable note before maturity and subsequently as-
signs the same then his endorsee acquires a good title,
even though he at the time may have had notice of the
fraud in the inception of the paper.   The first National
Bank of Cameron v. Stanley, 46 Mo. App. 440; Craig v.
Zimmerman, 87 Mo. 478;   Francis v. Smith, 245 S. W.
1115.   (3)   Every issue that was raised, or could have
been raised, in a former case between the same parties is
*res adjudicata.*   Melvin v. Hoffman, 235 S. W. 114;
Moorehead v. Cummings, 230 S. W. 659; Berry v. Ma-
jestic Milling Co., 240 S. W. 831; Hill v. Dillon, 183 S. W.
1088; Nelson v. Nelson, 221 S. W. 1066; Spratt v. Hurley,
199 Mo. 491.   (4)   This is true even if the first case is in
equity and the second at law.   Parker v. Stroat, 39 Mo.
App. 616.   (5)   This is true even though the former
case ended by being reversed without being remanded.
Strottman v. Railroad, 228 Mo. 154, 128 S. W. 187; Berry
v. Majestic Milling Co., supra; Girochis v. Railroad, 264
Mo. 516, 175 S. W. 196; Harrison v. Jackson County,
187 S. W. 1185.

*Lee E. Crook, Virgil E. Willis* and *Leslie J. Lyons*
for respondent.

(1)   The proceedings and judgment in the former
case are not *res adjudicata.*   A simple reversal by the
appellant court of a suit in equity without ordering a

dismissal of the bill simply undoes what was decided in the trial court and leaves the parties where they were in the beginning. Strottman v. Railroad, 128 S. W. 187, l. c. 193; Windaw v. Kline, 77 Mo. App. 36, l. c. 46; Swing v. Furniture Co., 131 S. W. 153, l. c. 155; Berry v. Majestic Milling Co., 240 S. W. l. c. 831. (2) After a judgment has been reversed its effect as *res adjudicata* is at an end, and neithed party can be estopped by it. 2 R. C. L. page 270; 4 C. J. 1204; Camp v. Milling Co., 127 Mo. App. 287, l. c. 292, 105 S. W. 286; Womack v. St. Joseph, 201 Mo. 467.

FARRINGTON, J.—This is a suit on a note made by the defendant, the plaintiff having purchased the note from one Robertson, Robertson having acquired it from Ayres, the payee. The note was properly endorsed and delivered to Smith and payment made by him to Robertson before maturity. Prior to this suit the defendant, Francis, filed a bill in equity against the plaintiff, Charles A. Smith, charging that an automobile which was delivered to Francis by Ayres was a stolen car, and that the note for $1000 given for the same was a fraudulent transaction on the part of Ayres; and that Smith knew, or by the exercise of ordinary care and diligence could have known, that the car was stolen and not the property of Ayres and had knowledge, or could have known by the exercise of ordinary diligence, of the fraudulent means used by Ayres to induce Francis to execute said note. The petition in the suit in equity asked that Smith be enjoined from negotiating, transferring or enforcing said note, and prayed that it be delivered up and canceled.

The case was tried in the circuit court of St. Clair County and the trial court granted the relief and an appeal was taken by Smith to this court (reported under the style of Francis v. Smith, 245 S. W. 1115). The facts of the case are there set forth and we now refer to said facts for the purpose of this opinion. In that case this court held that the evidence was insufficient to

sustain the judgment of the trial court and it resulted in the judgment being reversed outright. The sole issue determined in that case was whether there was sufficient evidence upon which could be based a decree to cancel the note on the ground that Smith was not a holder in due course. In other words, he was charged with a knowledge of the fraudulent transaction which Ayres practiced on Francis, and the ground upon which the bill in equity asked relief was that Smith was not a holder in due course or an innocent purchaser.

Subsequently, and after the note became due, Smith filed the present suit on the note and the defense made in the trial court is that he had knowledge, or by the exercise of ordinary care could have had knowledge of the fraudulent means used by the said Ayres to get from the defendant the note, and that he knew that the note was not given for a valuable consideration but was wholly void and of no effect as between Ayres and the defendant Francis.

It is set up in the answer that Robertson, who purchased the note from Ayres, was acting on behalf of Smith, as Smith's agent. It is not pleaded in the petition but it was argued orally in this court that the evidence in this case showed further that Smith was in fact a party to the fraud with Ayres in procuring the notes.

The defense of *res adjudicata* was raised in the trial court, and as the note was admittedly made by Francis and delivered, the plaintiff, Smith, asked for an instruction directing a verdict. The court overruled the instruction and held that the question of Smith being a holder in due course was still open and for the jury to determine.

A number of errors are assigned, but the main contention made by appellant is that the former judgment of this court reversing the judgment in the suit in equity, which was in effect dismissing the bill in equity filed by Francis, after this court had considered the evidence, forever barred the question of Smith's good faith so far as any suit between the same parties to this note was

concerned. We think there is no question but what the appellant is correct in this stand under the Missouri law. Respondents' attorneys admit that the only case which they can find bearing directly on the situation, as it exists here, is that of Cramer v. Moore, 36 Ohio State Rep. 347, which holds flatly with respondent's contention in this suit. The other cases cited in respondent's brief are not cases where the question involved here has been directly passed on. In passing, we may say that we found a case from California, apparently cited with approval in Barnett v. Smart, 158 Mo. 167, 59 S. W. 235, the California case being Fulton v. Hanlow, 20 Calif. 450, in which case it was held that although a bill in equity had been filed to enjoin the execution and delivery of a sheriff's deed on the ground that the same was illegal, which bill had been dismissed, was not a bar to the same defense made in a subsequent suit brought in law in ejectment by the holder of the deed. The Ohio and California cases apparently follow the law as respondent contends.

On the other hand, we find this question has been determined in Missouri otherwise, in the case of Lynch v. Donnell, 104 Mo. 519, 15 S. W. 927. A bill in equity was filed to set aside a tax deed. Some five or six grounds were set up in the bill. A judgment was rendered for the plaintiff in that suit, and the relief given the plaintiff in the trial court. On an appeal to the Supreme Court the judgment was reversed and the bill dismissed. Subsequently a suit was filed in ejectment, based on the deed, reported in the case of Donnell v. Wright, et al., 147 Mo. 639, 49 S. W. 874, and the defendant in that suit undertook to set up the same grounds as a defense as had been set up in the bill in equity in the prior suit, and the court there held that a final decree of a court in equity upon a subject in controversy is as binding as would be a judgment at law, and further held that the decree in such an equity suit is a bar to all matters directly passed upon, or that could have been passed upon and could have been included in the bill.

The case of Melvin v. Hoffman, 290 Mo. 464, 235 S. W. 107, cites, with approval, the case of Donnell v. Wright, 147 Mo. 639, 49 S. W. 874, and other cases, holding that a former judgment is not only conclusive as to matters embraced within the issue, but as to all matters which the parties could have alleged to sustain their action or defense, holding that "the former proceeding being a suit in equity to cancel, set aside, and annul said deed, all matters which plaintiff could have alleged to set aside and cancel said deed in equity are deemed to have been adjudged in defendant's favor, whether alleged in the petition in said cause or not, for the reason that a party cannot split up his cause of action nor vex his adversary piecemeal for the same cause more than once."

In the case of Morehead v. Cummings, 230 S. W. 656, the Kansas City Court of Appeals held that a suit in equity, filed for the purpose of charging that a note held by the defendant be declared a trust for the benefit of the petitioner, and alleging that the note was delivered conditionally and as an indemnity, and wherein the issues were between the parties in the equity suit on the one side that the note was delivered conditionally and as an indemnity, and on the other that it was delivered absolutely, and the bill was dismissed, that the defendant could not make the same defense when the suit was filed against him on the note that he undertook to set up and sustain in a bill in equity. [See, also, Case v. Sipes, 217 S. W. 306, and cases cited; Strottman v. Railroad, 228 Mo. 154, 128 S. W. 187; Abbott v. Railroad, 232 Mo. 616, 135 S. W. 1199; Ginnocchio v. Ill. Cent. R. R. Co., 264 Mo. 516, 175 S. W. 196; Wilson v. Hartford Fire Ins. Co., 254 S. W. 266; Berry v. Majestic Milling Co., 240 S. W. 831, passed on by the Supreme Court, April Term, 1924, not yet reported.]

Applying this rule to the case in hand, we have Francis filing a bill in equity against Smith, charging that he is not a holder of the note in due course and in

good faith, which bill, when it comes to final judgment in this court, is dismissed, or the judgment below is reversed, amounting to the same thing as a dismissal of the bill, then when he is sued on the note in the present action, he undertakes to set up the same grounds of fraud and rely on showing the defense that Smith is not a holder in due course. Under the Missouri cases which we have heretofore cited this defense is barred, and the trial court should have so held and directed a verdict for the plaintiff, the suit being on a note which was admittedly executed and delivered. It is, therefore, the order of this court that the judgment of the trial court is reversed and the cause remanded to the trial court to proceed with the case in accordance with the views herein expressed. *Cox, P. J.,* and *Bradley, J.,* concur.