JAMES SHAY, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, a Corporation.—No. 39486.—192 S. W. (2d) 421.

Division One, January 7, 1946.

Rehearing Denied, February 11, 1946.

*Cornelius Roach, D. L. Brenner* and *Theodore F. Houx, Jr.,* for appellant.

*Lathrop, Crane, Sawyer, Woodson & Righter, Richard S. Righter* and *Rudolph Heitz* for respondent.

*Samuel R. Toucey* amicus curiae.

DALTON, C.—Action by an assignee to recover disability benefits alleged to be payable under the terms of an insurance policy. Motion for judgment on the pleadings was sustained and judgment was entered for defendant. Plaintiff has appealed.

The action was instituted December 28, 1937 to recover $28,000 alleged to be due and payable under the terms of an insurance policy by reason of the total and permanent disability of Samuel R. Toucey,

the insured, to whom the policy was issued by respondent on April 29, 1924. Appellant further sought to recover interest, a 10% penalty and a reasonable attorney's fee for vexatious refusal to pay the amount alleged to be due.

On October 4, 1943, at the close of other litigation hereinafter mentioned, the respondent filed its answer and plea in bar. The answer, after a general denial, alleged that the policy sued on had, prior thereto, been surrendered by the insured to respondent; that a new and different policy had been issued to and accepted by the insured; that the new policy had been permitted to lapse for non-payment of premiums due; and that no proof of total and permanent disability had been made while either policy was in force. The plea in bar was based upon the final decree in certain prior litigation (between the insured and respondent) which respondent alleged was res adjudicata, of the rights of appellant and his assignor. Appellant, by his reply, conceded the existence of the alleged prior litigation and the decree therein, but sought to avoid the decree on the theory that the prior cause was in equity and, upon the determination of the equitable issues therein, the equity court had lost all jurisdiction to try the legal issue of disability. Appellant alleged that a finding on legal issues (here involved) was unnecessary to the determination of the cause after the equitable issues had been determined adversely to the insured. Respondent, thereupon, filed its motion for judgment on the pleadings on the theory that the admitted decree was res adjudicata and determined the issues of appellant's suit.

A more detailed statement of the pleadings, findings and judgment in the prior cause, as pleaded by respondent, is required, but no further statement is necessary with reference to the present action, except to say that it is an action at law for breach of an insurance contract, to-wit, insurance policy #8611895, issued by respondent to the insured and assigned to appellant. One of the essential issues of fact presented by the pleadings is whether or not "on or about the first day of April, 1933, and while said policy was in full force and effect, the said Samuel R. Toucey became wholly and presumably permanently disabled."

Respondent alleged the following facts. On October 26, 1935, the insured commenced an action in equity against respondent in the circuit court of Jackson County. ▇▇ The suit was removed to the United States District Court of the Western Division of the Western District of Missouri, where the cause was tried and finally determined. In the insured's petition in said suit, the insured alleged that respondent issued the policy herein sued on; that, by the policy respondent agreed to pay $50,000 in the event of the death of the insured and, in the event of total and permanent disability of the insured, before the age of sixty, to pay $500 per month during insured's life and to waive the payment of premiums on said policy during the

period of such disability; that the insured, in April, 1933, became wholly and permanently disabled before the age of sixty years; that respondent fraudulently concealed the disability provisions of the policy from the insured; that respondent was thereby estopped to claim that due proof of loss was not made as provided in the policy; that respondent fraudulently induced the insured to make reductions in the policy, towit, from $50,000 to $25,000 death benefits and $500 to $250 monthly disability benefits; that respondent unlawfully cancelled the policy for failure to pay the premium due on October 2, 1934; that in September, 1935, the insured discovered the existence of the disability provisions and applied for reinstatement of the policy and the payment of disability benefits; and that on September 26, 1935, respondent refused to reinstate the policy and pay disability benefits thereunder.

The insured asked relief, as follows: (1) that the insured's original policy be reinstated and adjudged to be in full force and effect; (2) that the attempted reduction in benefits be declared null and void; (3) that premiums be declared waived; (4) that insured recover disability benefits for total and permanent disability from August 11, 1934; (5) that he recover premiums paid for the quarter beginning July 2, 1934, and (6) that he have other and further equitable relief.

After the insured's action was removed to the federal court, respondent answered, admitted the terms of the policy and its issuance, admitted that the premiums due were not paid and denied other allegations, particularly, that it unlawfully cancelled said policy; that it was guilty of fraud; that the insured "was wholly and presumably permanently disabled since April, 1933"; that the insured gave respondent notice at its home office of such alleged disability; or that the insured was "entitled to any disability benefits or any benefits whatever of any kind or character under said policy." Other allegations of respondent's answer, and the insured reply thereto in said action, need not be set out.

The said cause was tried to the court and a decree entered therein on November 21, 1936, that "plaintiff is not entitled to the relief prayed for in plaintiff's petition." The court's findings of fact and conclusions of law were made a part of the decree and plaintiff's bill was "dismissed with prejudice at plaintiff's cost."

The court's findings of fact and conclusions of law in said cause were, in part, as follows: "I may say that I intended to decide only such issues of law and issues of fact as do require decision in order that the case may be decided. . . . It is contended by the plaintiff, and that contention is embodied in his bill in this proceeding, that on September 26, 1934, and before and after that time, he was totally and permanently disabled, that the defendant induced him by fraud to consent to the surrender of what I shall speak of as the $50,000 policy, and to the substitution of what I shall speak of as the $25,000 policy

(although I understand that there was not actually a substitution of one policy for another, but a modification of the indemnities provided for in the $50,000 policy) and that since he was induced to surrender the $50,000 policy by the fraud of defendant, he is entitled to have the result of that fraud set aside, and, in effect, to have reinstated the $50,000 policy. . . .

"If the $50,000 policy is reinstated then as further relief in this litigation, the plaintiff seeks to recover under the so reinstated policy upon the theory that he was totally and permanently disabled while it was still in full force and effect, that is, that at the time of the substitution and ever since has been totally and permanently disabled and therefore is entitled to a waiver of any premiums from the date he became totally and permanently disabled and to the indemnity provided for in the policy for total and permanent disability.

"Of course, the plaintiff does not ask in this proceeding this pecuniary relief unless he is first granted that upon which it depends, that is to say, the reinstatement of the $50,000 policy . . .

"Finding of fact No. 1. I find the fact to be that the defendant did not in any manner or by any means conceal from the plaintiff that the $50,000 contract or policy of insurance did contain a provision for indemnity against total and permanent disability; on the contrary, the defendant advised the plaintiff that it contained such a provision . . .

"The court's conclusion of law No. 2. Under the facts and circumstances of this case, as shown in the evidence in this case, the defendant did not by any fraud on its part induce the plaintiff to consent to the surrender of the $50,000 policy or to the substitution thereof of the $25,000 policy.

"Perhaps it is unnecessary to go any further in this oral opinion. What I have thus far said fully determined the case. I think, however, that I should make one further finding of fact concerning an issue that is involved in the case, although perhaps its decision, in view of what I have already said, is not absolutely necessary.

"If the decision of that issue of fact which was decided in finding of fact No. 1 had been otherwise, and if the law as set out in conclusion of law No. 1 had been otherwise, and if, therefore, it had been decided that the plaintiff was entitled to a reinstatement of the $50,000 policy, then it would have been necessary to have determined whether he was totally and permanently disabled as alleged in his bill, and whether, also, he had made proper proofs as required by the policy.

"Now, I do not intend to pass upon the issue of fact as to whether the plaintiff mailed the letters described in evidence as Exhibits 3 and 4, and whether the defendant received those letters. . . . I do not pass upon that issue of fact, but I do believe that a finding of fact should be made upon the issue as to whether the plaintiff was totally and permanently disabled within the meaning of his policy. . . .

I believe that it has not been proved that the plaintiff, within the meaning of this contract, is now or has been at the times alleged in the petition, wholly disabled by bodily injury or disease, so that he is prevented thereby from engaging in any occupation whatever for remuneration or profit, and I think the fact to be that he is not and has not been so disabled. That is finding of fact, I think, No. 2.

"The plaintiff has requested the court to state certain conclusions of law . . . .

(1) "That plaintiff is now, and was for more than three (3) months prior to June 29, 1934, totally disabled from disease, as said terms are used and defined in policy No. 8611895 issued by defendant to plaintiff. . . . (7) That plaintiff is entitled to a reinstatement of policy No. 8611895 with defendant company." . . . (These requests were refused.)

"Upon the facts found by the court and the conclusions of law stated by the court, the defendant is entitled to a decree in its favor, and such decree is made and entered."

After the decree against the insured became final, appellant, as assignee, instituted the present suit and respondent filed a supplemental bill in the federal court to enjoin the prosecution of the action, see Toucey v. New York Life Insurance Company, 8th Cir., 102 F. (2d) 16, 122 A. L. R. 1415; certiorari denied 307 U. S. 638, 59 S. Ct. 1037, 83 L. Ed. 1519. Also, Toucey v. New York Life Ins. Co., 8th Cir., 112 F. (2d) 927; certiorari granted 311 U. S. 643, 61 S. Ct. 440, 85 L. Ed. 410; affirmed 313 U. S. 538, 61 S. Ct. 833, 85 L. Ed. 1507; rehearing granted 313 U. S. 596, 61 S. Ct. 938, 85 L. Ed. 1549; reversed 314 U. S. 118, 62 S. Ct. 139, 86 L. Ed. 100. The United States Circuit Court of Appeals, in both of the cases cited, considered the issue here presented and ruled it in respondent's favor, but the final decree and the relief granted therein was, as indicated, subsequently set aside. The United States Supreme Court held that Sec. 265 of the Judicial Code forbids a federal court to enjoin a proceeding in personam in a state court on the ground that the claim in controversy had been previously adjudicated by the federal court.

Appellant contends that, "when the United States District Court sitting as a court of equity, decided against Mr. Toucey, the equitable issue of fraud upon which its jurisdiction as a court of equity was grounded, that court lost jurisdiction to determine the dependent legal issue of disability"; and that a determination of the legal issue of disability by a court in equity, which had lost jurisdiction to determine that issue, is not res adjudicata. Respondent, on the other hand, contends that the federal district court had jurisdiction to determine whether Toucey was totally disabled; that the court heard and determined the cause on its merits, determined the issue of disability and dismissed the cause with prejudice; that the decree of the district court is res adjudicata of the issues before the court;

that the decree is entitled to full faith and credit; and that where, as here, both parties were before the federal court, when that court determined its own jurisdiction, its decree is final and conclusive.

Appellant, in effect, concedes that the assignment of the policy was made subsequent to the decree in the federal court; that appellant only succeeded to the rights of the insured against respondent; that the motion for judgment on the pleadings was a proper proceeding (Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W. (2d) 936, 938); and that respondent was entitled to judgment on the motion, if the decree of the federal court is, in fact, res adjudicata of the issues here presented. There is no suggestion that the decree of the federal court is not entitled to full faith and credit. Embry v. Palmer, 107 U. S. 3, 9; Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Company, 120 U. S. 141.

Appellant concedes that the federal judge, as a matter of fact, ruled the issue of the insured's disability, but appellant insists that when the equitable issue of fraud was decided against the insured, the equity court could not go further and determine a dependent legal issue; and that the finding that the insured was not disabled "was something which was not involved in the determination of the action" in equity. The sole issue, therefore, is whether the prior decree is res adjudicata.

Appellant relies particularly on the case of Barnett v. Smart, 158 Mo. 167, 59 S. W. 236. In that case it appeared that a prior suit in equity had been dismissed on the ground that, from the facts found, the complainant had an adequate remedy at law. The facts so found were held not to be res adjudicata estopping the defendant from asserting otherwise in the subsequent action at law. The court said: "The more reasonable and just rule is that if the court had not jurisdiction to pronounce judgment on the facts found, its findings are not adjudications of the facts. We do not say that the court in such a case may not have had jurisdiction to try the issues of fact, because it may be that its jurisdiction to render final judgment would depend on its finding of the facts, but we do say that when the result is that the equity court is without authority to give effect in its judgment to the facts found, and for that reason must send the parties to a law court for the adjustment of their rights, the equity court cannot forestall the jurisdiction of that law court in the matter of its trial of the facts. . . . If the case made by plaintiff . . . was . . . not cognizable in a court of equity and was dismissed for that reason, the only res adjudicata in the decree was that it was not a case for equitable relief." (158 Mo. 167, 177, 180.) The court, however, recognized the rule that, "If the plaintiff's cause is one falling within the jurisdiction of a court of equity, it will be tried as such with all its issues, although some of the issues involved

may be such as, if standing alone, are cognizable only in a court of law." (158 Mo. 167, 176.)

Appellant further relies upon cases holding that, where a plaintiff fails to prove facts to sustain equity jurisdiction in the particular case, the equity court may not retain the cause and award full and complete relief or determine rights properly cognizable in a court of law. Yellow Mfg. Acceptance Corp. v. American Taxicabs, 344 Mo. 1200, 130 S. W. (2d) 601, 610; Wimer v. Wagner, 323 Mo. 1156, 20 S. W. (2d) 650; Palmer v. Marshall (Mo. App.), 24 S. W. (2d) 229; Ebel v. Roller (Mo. App.), 21 S. W. (2d) 214; Koontz v. Houghton (Mich.), 194 N. W. 1018; O'Donnell v. Henley (Ill. Sup.), 158 N. E. 692; Soper v. Conly (N. J.), 153 Atl. 586; Robinson v. Campbell (Mich.), 192 N. W. 644; Minick v. Minick Drug Co. (Fla.), 163 So. 228; Dowell v. Mitchell, 105 U. S. 430, 26 L. Ed. 1142.

Appellant further contends that it is "obvious that issues outside the jurisdiction of the court to determine, cannot become res judicata by virtue of its judgment. But even where the matter is not jurisdictional, a judgment is not ordinarily deemed to be an estoppel as to issues which cannot properly be litigated in the proceedings in which it is rendered." Freeman on Judgments, Vol. 2, p. 1479. See, Yellow Mfg. Acceptance Corp. v. American Taxicabs, supra.

It appears from the pleadings in this cause that the insured invoked the jurisdiction of a court of equity for the express purpose of having the cancellation of his original policy (the policy here sued upon) set aside and the attempted reductions of benefits, as therein provided, declared null and void. The insured further asked the equity court to declare that the premiums on said policy were waived "because of the total and permanent disability of the plaintiff" and that said policy #8611895 "be adjudged to be in full force and effect." The petition filed in said cause, in effect, conceded the non-payment of premiums, on October 2, 1934 and subsequent thereto, but alleged that respondent "knowingly and fraudulently and intentionally failed and refused to advise plaintiff as to his rights, and failed and refused to advise him that said policy would be kept in force *by the waiver of premiums* if he was totally disabled." (Italics ours.) The relief requested by the insured, towit, setting aside the cancellation of the insured's original policy, declaring that the reductions in benefits were null and void, that premiums had been waived, and that the policy was in full force and effect, was relief which a court of equity could grant in a proper case. Morris v. Hanssen, 336 Mo. 169, 78 S. W. (2d) 87, 91. Such relief was necessarily contingent upon proof that the insured was, in fact, totally and permanently disabled, as alleged; and that the fraud charged against the respondent existed in fact. These issues of fact presented by the pleadings were for the determination of the court of equity in order to decide whether the insured was entitled to the equitable relief requested. Reinstatement

of the original policy and a declaration that it was in full force and effect necessitated a finding, not only of fraud, as alleged, but a further finding of total and permanent disability and the waiver of premiums. Fraudulent concealment of the disability provisions of the policy was, of course, immaterial if the insured was not in fact disabled and premiums were not waived. Unless the issues of fraud and disability were determined in the insured's favor and affirmative equitable relief was granted, the court would not reach the legal issues presented, towit, for the recovery of monthly disability benefits from August 11, 1934, or "for the return of premiums paid for the quarter beginning July 2, 1934."

The cause of action presented by the insured was heard on its merits in a court of equity. The issues of fraud and total and permanent disability were, in fact, expressly determined by the court. The court further held that, while the determination of one of these two issues of fact was perhaps sufficient, it should determine both and both issues were found against the insured. The issues determined were not, therefore, legal issues, but equitable issues, and were decided in determining whether or not the insured was entitled to the equitable relief he had requested.

In the case of Toucey v. New York Life Ins. Co., 102 F. (2d) 16, 20, Judge Woodrough properly reasoned the matter as follows: "Insofar as Mr. Toucey's prayer for recovery for his disability payments may be regarded as a dependent legal claim, it was a claim dependent upon Mr. Toucey's establishing his right to reinstatement of his entire policy. That right in turn was dependent upon proving the disability occasioning premium waiver and also upon the alleged fraud of the insurance company in respect to said disability. Unless and until the equity court had before it evidence to justify it in finding both the disability and the fraud relating thereto, it could not award judgment on the disability provisions of the policy. But both of those claims were asserted and in controversy before it and the court of equity was called upon to decide upon both controversies. It did consider the evidence on both issues and we are cited to no case implying that a court of equity lacks power to fully and finally adjudicate all equitable controversies presented by the pleadings and the evidence in a case within its jurisdiction. Its adjudication on each claim in controversy was equally conclusive and binding upon Mr. Toucey."

Appellant admits that "the exact question (now before us) was presented to the 8th Circuit Court of Appeals in the case of Toucey v. New York Life Ins. Co., 102 F. (2d) 16, where the identical argument was presented" that is now presented to this court. Commenting on that opinion, appellant says, "the learned jurist stated the problem in reverse. In order to recover disability benefits, it was absolutely necessary to reinstate the policy"; that reformation and reinstatement depended on proof of fraud, which was not shown, and there was no

necessity to determine the issue of disability. Appellant further says "the United States District Court in the equity action simply dismissed the bill for lack of equity, and the only res adjudicata in the decree was that it was not a case for equitable relief." The record does not sustain appellant's contentions. The insured having specifically invoked the jurisdiction of a court of equity to determine particular equitable issues, and the cause having been heard on its merits and determined against the insured, his subsequent assignee may not say that the court had no jurisdiction to exercise the powers and determine the equitable issues presented by the insured and determined by the court.

"The great preponderance of authority sustains the rule that the estoppel of the judgment covers all points which were actually litigated and which actually determined the verdict or finding." Judgments, 34 C. J. 921, Sec. 1329; Young v. Byrd, 124 Mo. 590, 597, 28 S. W. 83; Nave v. Adams, 107 Mo. 414, 420, 17 S. W. 958; Kimpton v. Spellman, 351 Mo. 674, 173 S. W. (2d) 886, 891. And it is immaterial whether the judgment was at law or in equity. Donnell v. Wright, 147 Mo. 639, 49 S. W. 874; Hutchinson v. Patterson, 226 Mo. 174, 126 S. W. 403. As stated, the federal equity court had jurisdiction to determine the issue of insured's disability. Viles v. Prudential Ins. Company of America, 124 F. (2d) 78; Toucey v. New York Life Ins. Co., 102 F. (2d) 16.

It further appears that the insured and respondent were before the federal court when that court determined that it was necessary and proper to determine the issue of insured's total and permanent disability in the determination of the insured's equity suit. The court did determine the issue and no appeal was taken. The principles of res adjudicata apply to questions of jurisdiction as well as to other issues. Baldwin v. Iowa State Traveling Men's Assn., 283 U. S. 522; American Surety Company v. Baldwin, 287 U. S. 156; Hall v. Wilder Mfg. Co., 316 Mo. 812, 293 S. W. 760, 766. The decree of the federal court, dismissing the insured's equity suit with prejudice, in view of the issues made by the pleadings and actually tried and determined by the equity court, was res adjudicata and determinative of appellant's action. Olsen v. Muskegon Piston Ring Co., 117 F. (2d) 163; Wilson Cypress Co. v. The Atlantic Coastline R. Co., 109 F. (2d) 623; Smith v. Francis, 216 Mo. App. 293, 264 S. W. 77; Melvin v. Hoffman, 290 Mo. 464, 235 S. W. 107, 113.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.