**B. D. ROBINSON, Plaintiff,**

v.

**CHICAGO GREAT WESTERN RAILWAY COMPANY, a corporation, Defendant.**

**No. 10425.**

United States District Court
W. D. Missouri, W. D.
Sept. 27, 1957.

Fred J. Freel, Kansas City, Mo., for plaintiff.

Guy A. Magruder, Jr., of Terrell, Hess, Van Osdol & Magruder, Kansas City, Mo., for defendant.

**R. JASPER SMITH, District Judge.**

This is a suit for false imprisonment. On September 11, 1956, this action was stayed pending a determination by the Court of Appeals for the Eighth Circuit of the appeal of plaintiff's prior claim for malicious prosecution against this defendant. The history of this prior suit between the same parties is treated fully in my Memorandum and Order of September 11, 1956. Robinson v. Chicago Great Western Railway Company, D.C., 144 F.Supp. 713.

On April 10, 1957, the Court of Appeals rendered its decision in the prior suit, reversing a judgment in favor of plaintiff on the ground that plaintiff "did not carry the burden required of him under Missouri law to make out a case of malicious prosecution." Chicago Great Western Railroad Company v. Robinson, 8 Cir., 243 F.2d 389, 391.

Relying on this decision, defendant moves for summary judgment in its favor, on the grounds that a material and conclusive issue, namely, the non-liability of this defendant for the acts of its alleged agents and servants in the matter of which plaintiff complains, has been determined conclusively in defendant's favor by the Court of Appeals in an action involving the same facts and the same parties as in this action, and plaintiff is estopped collaterally from denying the determination.

A study of the appellate court's decision discloses that their adjudication rests wholly upon the issue of the scope of the employment of the two alleged agents, Minor and Johnson, and their capacity, under the doctrine of respondeat superior, to bind their principal, the defendant railway. The Court of Appeals found that the conduct of the two men was beyond the scope of their agency, and concluded, therefore, that defendant was not liable for the consequences of their acts. Judge Donovan, speaking for the Court, said:

"Proof of the presence or absence of one or more of said essentials (for a malicious prosecution action) is made unnecessary by reason of lack of authority in either Johnson or Minor to initiate prosecution of the instant case. The issue of the scope and authority of Minor and Johnson to instigate the prosecution complained of is decisive. Johnson and Minor were employed to guard defendant's property and freight entrusted to it as a common carrier for hire. To prosecute for the commission of crime was beyond the scope of their employment."

If the acts of Minor and Johnson on which plaintiff relied in his prior action for malicious prosecution against defendant were outside the scope of their agency and insufficient to establish liability upon defendant, then the identical acts on which plaintiff founds his claim

628

for false imprisonment in this action must likewise be held insufficient under doctrine of respondeat superior to bind defendant for those acts.

The Court's determination that the conduct of Minor and Johnson of which plaintiff complained imposed no liability for malicious prosecution upon defendant is equally dispositive of plaintiff's theory of recovery in this case predicated upon the same conduct. That determination, right or wrong, conclusively settles the question of the scope of agency, and the issue cannot again be litigated between the same parties or their privies. Champion Spark Plug Co. v. Reich, D.C., 81 F.Supp. 275; Abeles v. Wurdack, Mo., 285 S.W.2d 544; Shay v. New York Life Ins. Co., 354 Mo. 920, 192 S.W.2d 421; and Laughlin v. Boatmen's National Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974.

For these reasons, and for the reason that the pleadings on file in this case clearly show that there is no genuine issue as to any material fact, the defendant is entitled, as a matter of law, to judgment. Defendant's motion for summary judgment in its favor is granted. It is so ordered.